IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO PABLO LORENZO,

    Petitioner,

v.                                         Case No. 2:25-cv-00923 KWR-GJF

PAMELA BONDI, *in her official capacity as*
*Attorney General of the United States*,
KRISTI NOEM, *in her official capacity as secretary*
*of the Department of Homeland Security*,
MARY DE ANDA-YBARRA, *Field Office Director*,
DORA CASTRO, *Warden of Otero County Processing Center*,

    Respondents.

### ORDER TO SUPPLEMENT BRIEFING AND PRODUCE EXHIBITS

**THIS MATTER** comes before the Court on Ernesto Pablo Lorenzo's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 1). Petitioner, a citizen of Guatemala, alleges violation of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and his Fourth and Fifth Amendment rights. **Doc. 1 at 9–13**. The Government contests this Petition arguing that Petitioner failed to exhaust available administrative remedies and, in the alternative, that Petitioner cannot demonstrate that there is a significant likelihood of removal in the reasonably foreseeable future. **Doc. 9 at 11**. The Court orders supplemental briefing on the issues presented below and that the parties produce any additional exhibits related to this matter that may have become available.

I.   **The Court orders supplemental briefing on the following issues.**

    **A.  Is administrative exhaustion in immigration matters prudential or mandatory?**

The Government argues that Petitioner failed to exhaust administrative remedies available to him under 8 C.F.R. § 241.13. **Doc. 9 at 11–12**. Petitioner contends that he has fully exhausted

the administrative remedies available to him and further exhaustion under Section 241.13 would be impossible and futile. **Doc. 10 at 2–3**. Before addressing whether Petitioner failed to exhaust the administrative remedies under Section 241.13, the Court faces the question of whether administrative exhaustion of Section 241.13's procedure is prudential or mandatory.

Generally, a petitioner must exhaust all administrative remedies prior to seeking habeas relief. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (noting that judicial intervention is "usually deferred until administrative remedies have been exhausted"). Exhaustion is usually required prior to relief under 28 U.S.C. § 2241, unless administrative exhaustion would be futile. *See, e.g.*, *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009) (citing *Goodwin v. Oklahoma*, 923 F.2d 156, 157–58 (10th Cir. 1991)). No petitioner is entitled to judicial relief for a supposed injury until the prescribed administrative remedy has been exhausted. *McKart v. United States*, 395 U.S. 185, 193 (1969). A petitioner exhausts available administrative remedies by complying with the available procedures. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A petitioner bears the burden of demonstrating that exhaustion preceded his habeas relief. *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

However, the Tenth Circuit has not explicitly addressed whether exhaustion of Section 241.13's procedure is a required prerequisite to habeas relief. *See Quintana Casillas v. Sessions*, Civ. 17-01039-DME-CBS, 2017 WL 3088346, at *8 (D. Colo. July 20, 2017). The Tenth Circuit has held that regarding "immigration laws, exhaustion of remedies is statutorily required only for appeals of final orders of removal." *Id.* (citing *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002), *cert. granted and judgment vacated on other grounds sub nom. by Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003)); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review a final order

of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

Section 241.13's special review procedures begin once the noncitizen submits a written request that provides reasons why there is no significant likelihood that the Government will remove him in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). This written request triggers review by the Headquarters Post-Order Detention Unit ("HQPDU"). 8 C.F.R. § 241.13(e), (f). After its review, the HQPDU issues a written decision concerning the existence of a significant likelihood of removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(g). If the HQPDU determines that there is no significant likelihood, the HQPDU may release the noncitizen on an order of supervision. 8 C.F.R.§ 241.13(h).

Several district courts in the Tenth Circuit have concluded that exhaustion of Section 241.13 is prudential. *See Jimenez Chacon v. Lyons*, No. 2:25-cv-977-DHU-KBM, 2025 WL 3496702, at *8–9 (D.N.M. Dec. 4, 2025) (finding that exhaustion of Section 241.13 should be waived if it is required); *see also Quintana Casillas*, 2017 WL 3088346 , at *8–9 ("This court concludes that exhaustion of 8 C.F.R. § 241.13 is not a jurisdictional prerequisite for the petition in this case."). On the other hand, a district court has also treated Section 241.13's exhaustion procedures no differently than other habeas exhaustion requirements. *See Salazar-Martinez v. Lyons*, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, *1 (D.N.M. Nov. 17, 2025) (noting that the "exhaustion of available administrative remedies is a prerequisite" for habeas relief but that additional review would be futile). Accordingly, the Court orders further briefing addressing the question of whether the exhaustion of Section 241.13 procedure is prudential or mandatory prior to seeking habeas relief. The parties should specifically address why the Tenth Circuit's typical administrative exhaustion requirement does or does not apply to immigrant detainees. Is it the lack

of a specific statutory requirement, *see Quintana Casillas*, 2017 WL 3088346, at *8, or general prudential principles?

### B. If exhaustion of Section 241.13 is prudential, should the Court require such exhaustion?

The Government contends that waiving the administrative exhaustion requirement would impact administrative processes and encourage deliberate bypass of administrative schemes. **Doc. 9 at 12**. Petitioner argues that the Court should not require exhaustion because further exhaustion is impossible and futile. **Doc. 10 at 2–3**. Assuming that exhaustion is prudential, the Court orders further briefing addressing any additional reasons, beyond those already argued, why exhaustion should or should not be required.

### C. If administrative exhaustion is required, does Petitioner's "90 Day Post Custody Review" and continued detention render further review under Section 241.13 futile?

While Petitioner argues that review under Section 241.13 would be impossible and futile since he never received his "mandatory 90-day post-order custody review," **Doc. 10 at 2**, Officer Ruiz, in his declaration, states that Petitioner received his "90 Day Post Custody Review" on September 4, 2025, **Doc. 9-4 ¶ 14**. Not only does the Government contend that the 90 Day Post Custody Review took place, but, under Section 241.13, Petitioner is supposed to submit a written request for review that triggers HQPDU review. 8 C.F.R. § 241.13(d), (e), (f). Petitioner also contends that the HQPDU cannot provide him the relief he seeks under the standard set forth in *Zadvydas v. Davis*, 533 U.S. 648 (2001). **Doc. 10 at 2**. This is incorrect. Under Section 241.13, the HQPDU considers factors derived from *Zadvydas*. *See* 8 C.F.R. § 241.13(f); *see also E.M.M. v. Almodovar*, 25-CV-08212 (MMG), 2025 WL 3077995, at *3 (S.D.N.Y. Nov. 4, 2025) (noting that the government promulgated Section 241.13 "to codify" the *Zadvydas* procedures). Thus, seeking review under Section 241.13 is not impossible as Petitioner contends. **Doc. 10 at 2**.

Despite Petitioner's ability to request review, the Court is left with the question of whether Petitioner's September 4, 2025, review coupled with his continued detention renders further review under Section 241.13 futile. A court in this district has decided that when ICE Headquarters reviews and continues a petitioner's detainment, further review is rendered futile. *See Salazar-Martinez*, 2025 WL 3204807, at *1. The Government merely provides a declaration in which Officer Ruiz states that a review took place on September 4, 2025, and Petitioner remains detained. **Doc. 9-4 ¶ 14**. Neither party provides the Court with any documentation of what was considered at Petitioner's "90 Day Post Order Custody Review," and thus, the Court cannot decide whether requiring further review under Section 241.13 would be a futile endeavor. Accordingly, the Court orders further briefing on whether Petitioner's "90 Day Post Custody Review," and any subsequent reviews, render further review under Section 241.13 futile.

## II.   The Court orders the production of any additional exhibits concerning this matter.

The Court orders the parties to provide the following exhibits or an explanation as to why the documents cannot be obtained. The Court orders the Government to produce documentation relating to the following events: (1) Petitioner's initial arrest and detention on June 10, 2025, **Doc. 9-4 ¶ 10**; and (2) Petitioner's "90 Day Post Custody Review" that occurred on September 4, 2025, *id.* **¶ 14**. In addition to exhibits that relate to the above questions, the Court welcomes any new exhibits that bear on the likelihood of Petitioner's removal in the reasonably foreseeable future.

The parties must provide supplemental briefing that addresses the requested questions and produce the requested exhibits, or explain their absence, on or before 5:00 p.m. January 2, 2026.

**IT IS SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE